**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CESAR DOMINGUES,

      Petitioner,

v.                                                    CASE NO. 8:03-CV-2497-T-30-MSS
                                                              8:00-CR-117-T-30MSS

UNITED STATES OF AMERICA,

      Respondent.

_____/

### O R D E R

      Before the Court is a letter dated May 13, 2005, addressed to the Clerk of the Court (CV Dkt. 9). In the letter, Petitioner states that he does not have a copy of Respondent's response to his § 2255 motion.[1]

      On April 20, 2005, Petitioner was ordered to file his reply, if any, to the response within thirty days thereof.  *See* Rule 5(d), Rules Governing Section 2255 Proceedings for the United States District Courts (2004). In his letter, Petitioner asks the Clerk to send him a copy of the response and grant him an additional thirty days to respond thereto.  The Clerk generally serves in a ministerial capacity for the district courts, and may not exercise judicial power except by constitutional or legislative provision, and then only in accordance with the strict language of the provision.

_____

[1]Respondent filed a response to the § 2255 motion on December 30, 2003 (CV Dkt. 4). According to the certificate of service, Respondent mailed a copy of the response to Petitioner at his address of record on the date it was filed with the Clerk (CV Dkt. 4 at 11). *See Konst v. Florida East Coast Ry. Co.*, 71 F.3d 850, 851 -852 (11th Cir. 1996) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee") (citing *Nunley v. City of Los Angeles,* 52 F.3d 792, 796 (9th Cir. 1995)).  Petitioner does not assert that Respondent failed to provide him a copy of the response.

Petitioner is cautioned that he should not correspond with the Clerk, the Court, or a judge in letter form.  *See* Local Rule 3.01(f) (M.D. Fla. 2004).[2]  Judges will not, as a matter of policy, respond to personal correspondence when it pertains to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties.  Accordingly, their decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's office in accordance with governing rules of procedure.  The Court will strike any correspondence addressed directly to the clerk, the court or a judge.  To correspond with the Court, Petitioner should file a pleading or motion captioned with the name of the court, the case number, the names of the parties, and a title in a format substantially like the caption on the motion for an extension of time Petitioner filed on February 10, 2005 (CV Dkt. 6).

In the December 4, 2003 order directing Respondent to file a response to Petitioner's motion, he was cautioned as follows:

> Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government office listed in the bottom of this Order.  **Should Petitioner fail to include the required certificate of service with any document that he submits for filing in the Court record, the Clerk of this Court is directed to reject the document.**

CV Dkt. 3 at 3.  The order was mailed to Petitioner at his address of record, and it has not been returned to the Clerk marked "undeliverable."  Petitioner did not file a certificate of service with the letter presently before the Court.

---

[2]"All applications to the Court (i) requesting relief in any form, or (ii) citing authorities or presenting argument with respect to any matter awaiting decision, shall be made in writing (except as provided in Rule 7(b) of the Federal Rules of Civil Procedure) in accordance with this rule and in appropriate form pursuant to Rule 1.05; and, unless invited or directed by the presiding judge, shall not be addressed or presented to the Court in the form of a letter or the like.  All pleadings and papers to be filed shall be filed with the Clerk of the Court and not with the judge thereof, except as provided by Rule 1.03(c) of these Rules."  Local Rule 3.01(f) (M.D. Fla. 2004).

Petitioner's reply to the response was due on or before May 20, 2005, *see* CV Dkt. 8. Given the content of the unauthorized correspondence, Petitioner does not have a copy of Respondent's response. In the interests of judicial economy, the Court will direct the Clerk to provide Petitioner a copy thereof.

ACCORDINGLY, the Court **ORDERS** that Petitioner's requests are **GRANTED** (CV Dkt. 9), as set forth below:

1.   The **Clerk** shall enclose a copy of Respondent's December 31, 2003 response (CV Dkt. 4) with Petitioner's copy of this order.

2.   Petitioner shall have **THIRTY (30) DAYS** from the date of this order to file his reply. Extensions of time will not be routinely granted.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
All Parties/Counsel of Record

SA:jsh