**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CESAR DOMINGUES,

    Petitioner,

v.                                            CASE NO. 8:03-CV-2497-T-30MSS
                                                        8:00-CR-117-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **O R D E R**

This matter comes before the Court upon receipt of Petitioner's Notice of Appeal (Dkt. 14), Application for a Certificate of Appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 15), and Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. 16). Petitioner challenges the May 17, 2006 decision denying his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, *see* Dkt. 12.

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . . (B) the final order in a proceeding under section 2255. . . . A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

Issuance of a COA does not require a showing that the appeal will succeed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). Under the controlling standard, "[w]here a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner [seeking a COA] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

The Court rejected Petitioner's claims of trial court error on the merits. Having failed to demonstrate that this Court's assessment of his claims is debatable or wrong, Petitioner has failed to meet the two-prong *Slack* test. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Application for Issuance of a Certificate of Appealability (Dkt. 15) is **DENIED**

2. The request to proceed on appeal *in forma pauperis* (Dkt. 16) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 5, 2006.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA:jsh