UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CESAR DOMINGUEZ,

    Petitioner,

v.                                                        CASE NO. 8:13-CV-367-T-30TGW
                                                      CRIM. CASE NO. 8:00-CR-117-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255(b).

### BACKGROUND

On February 1, 2001, a jury convicted Petitioner of (1) possession with intent to distribute five kilograms or more of cocaine while onboard a vessel, in violation of 46 U.S.C. §§ 1903(a), and 1903(g); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, contrary to the provisions of 46 U.S.C. §§ 1903(a), 1903(g) and 1903(j) (CR Dkt.

218). Petitioner was sentenced on each charge to a 252-month term of imprisonment, to be followed by a 60 month term of supervised release, with the sentences to run concurrently (CR Dkt. 264). The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence on July 17, 2003 (CR Dkt. 357). Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was denied by this Court on May 17, 2006. *See Domingues[1] v. United States*, Case No. 8:03-CV-2497-T-30MSS (M.D. Fla. 2003 at Dkt. 12). The Eleventh Circuit denied Petitioner's motion for a certificate of appealability (see 8:03-CV-2497-T-30MSS at Dkt. 20).

## DISCUSSION

Petitioner now returns to this Court seeking to vacate his sentence based upon *United States v. Ballaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012) (see CV Dkt. 1 at docket pp. 13-14) "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h). *See* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005). This case will, therefore, be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

---

[1]The Court notes that in the criminal case, Petitioner spelled his name "Dominquez," but in the initial § 2255 action, he spelled his name "Dominques" and signed his name "Dominguez." (See, e.g., CR Dkts. 130, 359).

2

ACCORDINGLY, it is **ORDERED** that:

1.  The motion to vacate, set aside, or correct an illegal sentence is **DISMISSED**, without prejudice, for lack of jurisdiction (CV Dkt. 1). The **Clerk** is directed to terminate from pending status the § 2255 motion (CR Dkt. 447) filed in the corresponding criminal case number 8:00-CR-117-T-30TGW.

2.  The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3.  The **Clerk** shall terminate any pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHERED ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*,

463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 12, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Counsel of Record
Petitioner, *pro se*